IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| CHELSEA BURWELL | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:23-cv-00734 |
| | ) | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) ) | |

TO: Honorable Eli J. Richardson, United States District Judge

## R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered August 17, 2023 (Docket Entry No. 5), this *pro se* action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion for summary judgment filed by Defendant Portfolio Recovery Associates, LLC (Docket Entry No. 26). Plaintiff has not responded to the motion. For the reasons set out below, the undersigned respectfully recommends that the motion be **GRANTED** and this case be **DISMISSED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Chelsea Burwell ("Plaintiff") is a resident of Tennessee. On July 21, 2023, she filed this *pro se* lawsuit against Portfolio Recovery Associates, LLC ("PRA"), which she asserts is a Virginia business engaged in furnishing consumer credit information. *See* Complaint (Docket Entry No. 1). Plaintiff seeks damages based on five claims brought against PRA for alleged violations of the Fair Credit Reporting Act, 15 U.S.C.§§ 1681 *et seq*. ("FCRA"). Specifically, Plaintiff alleges that PRA reported incomplete and inaccurate information about three credit

accounts to national consumer reporting agencies and failed to comply with several of the investigative and verification duties imposed on it under the FCRA after she disputed the accuracy of the information.

After Defendant filed an answer (Docket Entry No. 10), the Court directed the parties to make an early attempt to settle the case. *See* Order entered September 29, 2023 (Docket Entry No. 11). The case did not settle, and a scheduling order was entered. *See* Docket Entry Nos. 17. Although PRA timely engaged in discovery during the discovery period that was set out in the scheduling order, Plaintiff did not, and, on the deadline date for the completion of discovery, she moved for an extension of the discovery deadline. *See* Motion to Extend (Docket Entry No. 21). The Court denied Plaintiff's motion. *See* Order entered April 15, 2023 (Docket Entry No. 23).

One month later, Plaintiff filed a notice of voluntary dismissal, seeking to dismiss the action without prejudice. *See* Notice (Docket Entry No. 24). By Order entered May 16, 2024 (Docket Entry No. 25), the Court found that the notice was not sufficient to dismiss the case under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. The Court advised Plaintiff to file either a motion for the Court to dismiss the case pursuant to Rule 41(a)(2) or a stipulation of dismissal signed by both parties pursuant to Rule 41(a)(1)(A)(ii). *Id*. The Court further encouraged Plaintiff and counsel for Defendant to discuss whether to file a stipulation of dismissal under Rule 41(a)(1)(A)(ii), and, if so, likewise encouraged counsel for Defendant to handle the filing. *Id*. Plaintiff did not file a motion to dismiss, nor did the parties file a jointly signed stipulation of dismissal. Instead, Defendant filed the pending motion for summary judgment on May 28, 2024.

## II. MOTION FOR SUMMARY JUDGMENT

Defendant seeks summary judgment in its favor under Rule 56 of the Federal Rules of Civil Procedure. The motion is supported by a lengthy memorandum of law (Docket Entry No. 26), a statement of undisputed material facts (Docket Entry No. 26-7), and several evidentiary exhibits (Docket Entry Nos. 26-1 to 26-6 and 26-8 to 26-20).

Defendant argues that the undisputed evidence shows that its reporting of Plaintiff's accounts was accurate and that it properly and reasonably investigated Plaintiff's disputes based on the information that it was furnished by the reporting agencies. Defendant argues that there is no evidence supporting Plaintiff's contention that it is liable to her under any provision of the FCRA. Finally, Defendant contends that Plaintiff's case is premised upon falsehoods and that Plaintiff has attempted to "game" the legal system. Defendant requests that the Court reserve jurisdiction to award Defendant all of the attorney's fees it has incurred in defense of the lawsuit, in an amount to be later determined, because Plaintiff filed her complaint in "bad faith." *See* 15 U.S. Code §§ 1681n(c), 1681o(b).

To date, Plaintiff has not filed a response of any kind to the motion[1] or taken any other action in the case since the motion for summary judgment was filed.

## III. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).

---

[1] Local Rule 56.01(a) provides Plaintiff with 21 days in which to file a response to the motion for summary judgment.

A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir. 2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir. 2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252). As the Sixth Circuit has noted, when a defendant files a motion for summary judgment, the plaintiff is challenged to "put up or shut up" on critical issues. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). Plaintiff's *pro se* status does not relieve her of this obligation. *Sixty Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987).

# IV. ANALYSIS

After review of the record before the Court, the Court finds that summary judgment should be granted to Defendant on Plaintiff's claims. When a motion for summary judgment is properly supported under Rule 56, such as Defendant's motion, the non-moving party may not merely rest on the allegations contained in the complaint but must respond with affirmative evidence that supports the asserted claims and that establishes the existence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323-24; *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989).

Plaintiff has not satisfied this obligation. She has not responded to the motion for summary judgment, has not rebutted Defendant's evidence or arguments, and has not supported her claim with any affirmative evidence. Additionally, Plaintiff has not responded to Defendant's statement of undisputed material facts, as required by Rule 56.01(c) of the Local Rules of Court, and her failure to respond therefore "indicate[s] that the asserted facts are not disputed for purposes of summary judgment." Local Rule 56.01(g). Accordingly, the Court is permitted to rely on the facts set forth by Defendant in its statement of undisputed material facts as the undisputed facts.

Defendant makes sound legal arguments for imposition of summary judgment in its favor. These arguments are supported by the undisputed evidence and are unrebutted by Plaintiff. The Court cannot supply or assume facts supporting Plaintiff's case and is not required to make legal arguments on her behalf. *See Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215, 2000 WL 302998 (6th Cir. 2000); *Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012). *See also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992) ('it seems to us utterly

5

inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion."). Given Plaintiff's prior indication that she wanted to dismiss this case and her failure to respond in any manner to the summary judgment motion, it appears that she concedes the dismissal of this case in favor of Defendant, and there is no apparent reason to not grant summary judgment to Defendant on its motion.

Defendant requests that the Court reserve jurisdiction over this case in order to consider a future request for the award of attorney's fees in its favor. After due consideration of the record before the Court and of Plaintiff's *pro se* status, the Court finds this request is properly denied.

## RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that the motion for summary judgment filed by Defendant Portfolio Recovery Associates, LLC (Docket Entry No. 26) be **GRANTED** and that this action be **DISMISSED WITH PREJUDICE** without any reservation of jurisdiction.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1). A failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any other party wishing to

respond to the objections must file a response within fourteen (14) days after being served with a copy of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge