IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHELSEA BURWELL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:23-cv-00734 |
| | ) | |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| PORTFOLIO RECOVERY ASSOCIATES, LLC., | ) | |
| | ) | MAGISTRATE JUDGE HOLMES |
| | ) | |
| Defendant. | ) | |

**ORDER ADOPTING IN PART AND NOT ADOPTING IN PART REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

Pending before the Court is a report and recommendation (Doc. No. 27, "R&R"), wherein Magistrate Judge Holmes ("Magistrate Judge") recommends primarily that this Court grant Defendant's motion for summary judgement (Doc. No, 26, "Motion for Summary Judgement") on all claims. The Court ADOPTS this recommendation of the Magistrate Judge, on the grounds that no objection was made to it, and GRANTS summary judgment to Defendant. In the R&R, the Magistrate Judge also recommends[1] that the Court deny Defendant's follow-up request that the Court reserve jurisdiction over the case in order to consider a future request for the award of attorney's fees in Defendant's favor. (Doc. No. 27 at 6). Defendant timely challenged this specific portion of the R&R (Doc. No. 28, "Motion for Review"),[2] characterizing this portion not as a

---

[1] Below, the Court explains why it construes the Magistrate Judge's remarks regarding this request as a mere recommendation, rather than an "order" on a non-dispositive pretrial matter, and thus not subject to Fed. R. Civ. P. 72(a).

[2] Due to how Defendant titled this document, the Court refers to it for short as "Motion for Review" even though, as discussed herein, it substantively is actually not a motion for review (of an order) but rather an objection (to a recommendation).

*recommendation* subject to challenge via *objections* under Fed. R. Civ. P. 72 but rather as an *order* subject to challenge via a *motion for review* under Fed. R. Civ. P. 72(a) and this Court's Local Rule 72. The Court finds that the Magistrate Judge's statement in the R&R regarding this request was not an *order*, but rather a recommendation.[3] Setting aside the issue of whether her recommendation regarding this request is one regarding a *dispositive* matter (which generally is the kind of recommendation subject to objection pursuant to Fed. R. Civ. P. 72(b)), the Court DECLINES to adopt this latter recommendation.

I. Motion for Summary Judgement

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). The district court is not required to review, under a de novo or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.*

Plaintiff did not object to the R&R (or, for that matter, respond to the Motion for Summary Judgment). Therefore, the portion of the R&R recommending granting summary judgement to Defendant is ADOPTED. Accordingly, Defendant's Motion for Summary Judgment (Doc. No. 26) is GRANTED.

---

[3] The Court notes that Defendant did not follow Local Rule 72.01(a) when filing its Motion for Review. The rule states that objecting parties must file the motion and a "separately filed memorandum of law." Defendants did not file this separate memorandum. The Court admonishes Defendant to adhere to the rules in the future.

II.   Reservation of Jurisdiction for Defendant's Motion for Attorney's Fees

Defendant filed a timely challenge (in the form of a motion for review of a purported order of the Magistrate Judge on a non-dispositive pretrial matter) to one portion of the R&R, specifically the R&R's statement(s) regarding the secondary issue of whether the Court should retain jurisdiction in order for Defendant to seek attorney's fees. (Doc. No. 28). Overall, Defendant's plain implication is that the Magistrate Judge's statement in this regard was an *order* (as opposed to a recommendation) and thus subject to Fed. R. Civ. P. 72(a), which states that, upon a timely objection to an order entered by a magistrate judge on non-dispositive matters, a district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Defendant argues that the Magistrate Judge's purported order denying Defendant's request to retain jurisdiction over an anticipated request for attorney's fees was contrary to law. The only two sections of the R&R relating to Defendant's request for the Court to retain jurisdiction state, respectively: (1) "[a]fter due consideration of the record before the Court and of Plaintiff's *pro se* status, the Court finds this request is properly denied"; and (2) it is respectfully RECOMMENDED that the motion for summary judgment filed by Defendant Portfolio Recovery Associates, LLC (Docket Entry No. 26) be GRANTED and that this action be DISMISSED WITH PREJUDICE *without any reservation of jurisdiction*." (Doc. No. 27 at 6) (emphasis added).

The Court perceives the Magistrate Judge's statements about denying Defendant's request to retain jurisdiction for purposes of a request for attorney's fees as a recommendation only, not an order. Perhaps without realizing it, Defendant at some level seems to understand this, which is why it referred to the Magistrate Judge's statements as a "recommend[ation]" seven times (by the Court's count) in the Motion for Review. And although Defendant did not make its challenge to this recommendation in an objection to the R&R, the Court deems this challenge to be, in

substance, an objection to the R&R and therefore reviews it under the applicable standard for such objections described in the following paragraph.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter,[4] the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the magistrate judge's report or proposed findings or recommendations to which an objection is made—something Defendant clearly has done here.

Defendant raises a compelling argument as to why the Court should retain jurisdiction and consider Defendant's motion for attorney's fees.[5] In the Motion for Review, Defendant claims that it has a statutory right to seek attorney's fees under the Fair Credit Reporting Act ("FCRA"). Defendant cites to 15 U.S.C. § 1681n(c) which states that a prevailing party shall be awarded attorney's fees if the non-prevailing party acted in bad faith or for purposes of harassment.

---

[4] As the full title of its Motion for Review reflects, Defendant views (based, as far as the Motion for Review indicates, on a mere assumption) the recommendation to relate to a non-dispositive matter. For reasons upon which it need not expound, the Court is not so sure. But even if the recommendation was regarding a nondispositive matter, rather than a dispositive matter as contemplated in the above-described standard for district courts' review of magistrate judges' recommendations, the Court is satisfied that de novo review is appropriate.

[5] Defendant argues that the Magistrate Judge improperly prohibited Defendant from even attempting to seek attorney's fees by denying the request to retain jurisdiction in the R&R (and that usually, Defendant would be able to file a motion after final judgment has been entered). In its brief Defendant argues that under Rule 54.01 "this Court does not even need to reserve jurisdiction to consider a timely motion for fees after entry of judgment or dismissal." (Doc. No. 28 at 6). The Court then wonders why Defendant specifically asked for the Court to reserve jurisdiction to consider a motion for attorney's fees. Defendant's argument is internally inconsistent as to this point and the Court notes that counsel should think critically before making two seemingly contradictory arguments.

Defendant has also cited to caselaw supporting this proposition and outlining different scenarios where defendants have been statutorily awarded attorney's fees upon a finding that a plaintiff acted in bad faith. *See Community Health Options*, 590 U.S. at 310; *Lawrence v. Paramount Residential Mortg. Group, Inc.*, 2021 U.S. Dist. LEXIS 221947, at *5 (D. Or. Oct. 12, 2021) ("Under 15 U.S.C. §§ 1681n(c) and 1681o(b), a defendant is entitled to attorney's fees if the FCRA action was filed in bad faith or for harassment purposes."); *Conn. Fair Hous. Ctr. v. Corelogic Rental Prop. Sols., LLC*, 2023 U.S. Dist LEXIS 125000, at *76-77 (D. Conn. July 20, 2023) (finding that a "[prevailing party of a FCRA claim] is therefore statutorily entitled to reasonable attorney's fees."); *Budri v. FirstFleet Inc.*, 2019 U.S. Dist. LEXIS 188251, at n. 16 (N.D. Tex. Sept. 20, 2019) ("While a prevailing defendant in an FCRA action may be entitled to reasonable attorney's fees and costs under 15 U.S.C. § 1681o(b), the defendant cannot recover such an award unless a court finds that the plaintiff brought the FCRA action in bad faith or for purposes of harassment.")

The statute clearly anticipates that a defendant may recover attorney's fees if the plaintiff has filed the action in bad faith. To the Court, this appears to be a prudent measure implemented to help prevent frivolous suits and acts as an important deterrent under the broader FCRA statutory scheme. 15 U.S.C. § 1681n(c). The Court therefore agrees that Defendant has a statutorily prescribed ability to at least *request* attorney's fees in this case. Defendants should have the opportunity (which may or may not ultimately pan out) to argue for attorney's fees by showing that Plaintiff filed her action in bad faith. While this does not mean that Defendant will prevail on any request it ultimately makes, the Court agrees that Defendant should at least be able to make the request. Therefore, the Court declines to adopt the portion of the R&R denying Defendant's request to reserve jurisdiction for a request for attorney's fees. The Court will retain jurisdiction for Defendant to move for attorney's fees.

Fed. R. Civ. P. 54(d)(2)(D) allows for U.S. District Courts to refer a "motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter." Accordingly, given the presiding Magistrate Judge's familiarity with the instant case, the Court hereby refers to the Magistrate Judge Defendant's anticipated motion for attorney's fees.

IT IS SO ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE