IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHELSEA BURWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:23-cv-00734 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| PORTFOLIO RECOVERY ASSOCIATES, ) | |
| LLC, ) | |
| ) | |
| Defendant. | |

## ORDER

Pending before the Court[1] is a report and recommendation (Doc. No. 34, "R&R") of the Magistrate Judge, which recommends that this Court grant Defendant Portfolio Recovery Associates, LLC's Motion for Attorney's Fees and Costs (Doc. No. 31) in part and award Defendant $7,500.00 in attorney's fees. No objections to the R&R have been filed and the time for filing objections has now expired.[2]

Absent any objection to the statement of facts (regarding the procedural history and underlying circumstances of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that factual background in its entirety, and includes it here for reference:

> Plaintiff filed this *pro se* lawsuit on July 21, 2023 alleging that Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"). (Docket No. 1.) In short, Plaintiff alleged that Defendant reported incomplete and inaccurate information about three credit accounts to national consumer reporting agencies, and that, after she disputed the accuracy of the information, Defendant failed to

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. For pro se plaintiffs, like Plaintiff, the Court is willing to extend this 14-day deadline by three days to allow time for filings to be transported by mail. But even this extension does not help Plaintiff because the R&R was filed on July 29, 2025 and as of August 28, 2025 Plaintiff has not filed any objections.

comply with several of the investigative and verification duties imposed on it under the FCRA. (*Id.* at ¶¶ 5–18.)

Plaintiff asserted five claims: (1) violation of 15 U.S.C. § 1681s-2(b)(l)(A) for failing to conduct a reasonable investigation; (2) violation of 15 U.S.C. § 1681s-2(b)(l)(B) for failing to review all relevant information; (3) violation of 15 U.S.C. § 1681s-2(b)(l)(C) for failure to report results of an investigation; (4) violation of 15 U.S.C. § 1681s-2(b)(l)(D) for failure to report accurate information to consumer reporting agencies; and (5) violation of 15 U.S.C. § 1681s-2(b)(l)(E) for failure to have certain procedures in place. (*Id.* at ¶¶ 19–48.)

After Defendant filed an answer, the Court directed the parties to make an early attempt to settle the case. (Docket No. 11). The case did not settle, and a scheduling order was entered. (Docket No. 17.) Although Defendant timely engaged in discovery, Plaintiff did not. On the deadline to complete discovery, Plaintiff moved for an extension of the deadline. (Docket Entry No. 21.) The Court denied the motion. (Docket Entry No. 23.)

One month later, Plaintiff filed a notice of voluntary dismissal, seeking to dismiss the action without prejudice. (Docket Entry No. 24.) However, the District Judge found that Plaintiff's notice was not sufficient to dismiss the case under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. (Docket No. 25.) Accordingly, the District Judge advised Plaintiff to file either a motion for the Court to dismiss the case pursuant to Rule 41(a)(2) or a stipulation of dismissal signed by both parties pursuant to Rule 41(a)(1)(A)(ii). (*Id.*) The District Judge further encouraged Plaintiff and counsel for Defendant to discuss whether to file a stipulation of dismissal under Rule 41(a)(1)(A)(ii), and, if so, likewise encouraged counsel Defendant to handle the filing. (*Id.*) Plaintiff did not file a motion to dismiss, nor did the parties file a jointly signed stipulation of dismissal.

Instead, Defendant filed a motion for summary judgment, utilizing the maximum number of briefing pages permitted and some 440 pages of supporting documents. (Docket No. 26.) In a report and recommendation, the undersigned recommended that Defendant's motion for summary judgment be granted and Plaintiff's claims be dismissed with prejudice, largely relying on the lack of any response by Plaintiff. (Docket No. 27.) However, the undersigned recommended that Defendant's request that the Court reserve jurisdiction over the case to consider a future request for the award of attorney's fees be denied. (*Id.* at 6.)

Defendant objected to the denial of its request to reserve jurisdiction. (Docket No. 28.). The District Judge agreed with Defendant that it "has a statutorily prescribed ability to at least *request* attorney's fees in this case" and referred the "anticipated" motion for attorney's fees to the undersigned. (Docket No. 29.) Defendant then filed the instant motion in which it seeks an award of attorney's fees pursuant to Rule 54(d) and two sections of the FCRA, 15 U.S.C. §§ 1681n(c), 1681o(b). Plaintiff did not respond.

(Doc. No. 34 at 1-3) (footnotes omitted). The Magistrate Judge concluded that Defendant's Motion for Attorney's Fees and Costs should be granted in part. Specifically, the Magistrate Judge concluded that the Court should award Defendant $7,500.00 in attorney's fees.

No party has filed objections to the R&R, and the time to file objections with the Court has passed, as explained in a footnote above.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Prop. Mgmt., Inc.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. Mar. 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas*, 474 U.S. at 150).

Absent objection, the R&R (Doc. No. 34) is adopted and approved. Accordingly, Defendant's Motion for Attorney's Fees and Costs (Doc. No. 31) is GRANTED IN PART, and Defendant is awarded $7,500.00 in attorney's fees.

There being nothing further for the Court to do in this matter, the Clerk is DIRECTED to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE